Rel: February 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2024-0552

————————————————

### Sharon Parrish

### v.

### Pat Ratliff; U.S. Bank National Association (Inc.); Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; PennyMac Loan Services, LLC; Hopper Telecommunications, LLC; Alabama Power Company; Blount County; Town of Snead; Jennifer Walker; and First American Title Insurance Company

### Appeal from Blount Circuit Court
### (CV-21-135)

### On Application for Rehearing

CL-2024-0552

LEWIS, Judge.

Sharon Parrish appealed from a summary judgment entered by the Blount Circuit Court ("the trial court") in favor of, among other parties, Pat Ratliff; U.S. Bank National Association (Inc.); Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; PennyMac Loan Services, LLC; Hopper Telecommunications, LLC; Alabama Power Company; Blount County; Town of Snead; Jennifer Walker; and First American Title Insurance Company. We reversed the judgment and remanded the cause for further proceedings. This court specifically noted that the trial court had also entered a summary judgment in favor of Dennis Oldham and Brock Haynes. However, Parrish did not name Oldham and Haynes as appellees on her notice of appeal. Therefore, this court did not decide any issue with respect to Oldham and Haynes. See Alabama Plating Tech., LLC v. Georgia Plating Tech., LLC, [Ms. SC-2023-0250, June 21, 2024] ___ So. 3d ___, ___ n.5 (Ala. 2024).

On application for rehearing, Parrish argues that, because she included Haynes as an appellee on the certificate of service attached to

2

her notice of appeal, this court should reverse the judgment as to Haynes.

In <u>Alabama Plating</u>, our supreme court explained:

> "Under Rule 3(c), Ala. R. App. P., '[t]he notice of appeal <u>shall</u> specify all parties taking the appeal and each adverse party against whom the appeal is taken.' (Emphasis added.) The Committee Comment to the Amendment to Rule 3(c) Effective January 1, 2017, makes clear that an appellant is 'require[d]' to 'specify <u>by name</u> all appellants and all appellees who are parties to the appeal' because the notice of appeal 'is designed to eliminate any confusion as to the actual participants to the appeal and to ensure that a party's ability to file a cross-appeal is not impaired due to uncertainty or a lack of notice.' (Emphasis added.)"

___ So. 3d at ___ n.5.

In this case, Parrish listed as appellees on the notice of appeal the following parties: Pat Ratliff; U.S. Bank National Association (Inc.); Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; PennyMac Loan Services, LLC; Hopper Telecommunications, LLC; Alabama Power Company; Blount County; Town of Snead; Jennifer Walker; and First American Title Insurance Company. We note that our supreme court has permitted the inclusion of parties as appellees, despite an appellant's failure to designate them as such, when the parties have joined the appellees' brief and no party has disputed that those parties were appellees. <u>Progressive Direct Ins.</u>

3

v. Keen, 376 So. 3d 482, 484 n.2 (Ala. 2022). Here, however, Haynes did not submit any filings in this appeal. Therefore, we cannot assume that no confusion (that the amendment to Rule 3(c) was designed to eliminate) resulted from Parrish's noncompliance with Rule 3(c).

Based on the foregoing, the application for a rehearing is overruled.

APPLICATION OVERRULED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.